IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-70,431-01






EX PARTE CARLOS GILBERTO MURILLO BENAVIDES , Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. CR-4077-07-D IN THE 206TH DISTRICT COURT


FROM HIDALGO COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty, was convicted of
intoxication manslaughter and sentenced to twenty years' imprisonment. He did not appeal his
conviction. 

 Applicant contends that his plea was involuntary. He alleges that he was not informed that 
he was agreeing to be sentenced to the maximum combined thirty years' incarceration for the instant
offense and an intoxication assault offense, Hidalgo County cause number CR-1810-07-D. 
Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington, 466
U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. The trial court
may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the
trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 A letter has been received by this Court, which was not signed by Applicant, requesting that
the application be dismissed. The trial court shall first make findings as to whether Applicant
requests that this application be dismissed. If Applicant does want the Application dismissed, the
trial court shall so find and need not make any further findings. If Applicant does not want the
application dismissed, then the trial court shall make findings of fact and conclusions of law
regarding Applicant's claim that his plea was involuntary. The trial court shall make findings as to
whether Applicant was fully informed of the consequences of pleading guilty. The trial court shall
also make findings of fact as to the reasons that counsel advised him to plead guilty to the maximum
sentence. The trial court shall also make any other findings of fact and conclusions of law that it
deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: October 15, 2008

Do not publish